UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re:

                                          Chapter 7

Agape World, Inc.,
Agape Merchant Advance LLC,
Agape Community LLC, Agape                 Case No. 09-70660 - AST
Construction Management LLC,                 Substantively Consolidated
Agape World Bridges LLC, and
114 Parkway Drive South LLC,

                            Debtors.
------------------------------------------------------X
Kenneth P. Silverman,
Chapter 7 Trustee of Agape World, Inc., *et al.*

                      Plaintiff,            Adv. Pro. No. [see attached]

      - against -

[see attached],

                      Defendant(s).
------------------------------------------------------X

## ORDER ASSIGNING MATTERS TO MEDIATION

**WHEREAS**, the adversary proceedings listed on the attached Exhibit "A" (the

"Adversary Proceedings") were commenced by Kenneth P. Silverman, Chapter 7 Trustee of

Agape World, Inc., *et al.*; and

**WHEREAS**, the Summons and Complaint in each Adversary Proceeding were served on

each of the Defendant(s); and

**WHEREAS**, each Defendant has filed an Answer; and

**WHEREAS**, this Court has entered Pretrial Scheduling Orders in accordance with Rule

7016 of the Federal Rules of Bankruptcy Procedure, incorporating Rule 16 of the Federal Rules

of Civil Procedure which, *inter alia*, scheduled pretrial conferences in accordance with Fed. R.

Civ P. 16(a) (the "Pre Trial Orders"); and

**WHEREAS,** each of the Adversary Proceedings either has been assigned a trial date or is ready to be assigned a trial date; and

**WHEREAS**, as part of the Court's authority to control its docket, and as authorized by law, in order to attempt to resolve all disputes by and between the Trustee and each of the Defendants, the Court has determined to assign to mediation the adversary proceeding of each Defendant listed on the annexed Exhibit "A."; and

**WHEREAS**, hereafter, Kenneth P. Silverman, Chapter 7 Trustee of Agape World, Inc., et al. (the "Trustee" or "Plaintiff") and the Defendants shall collectively be referred to herein as the "Mediation Parties".  Therefore, it is hereby

**ORDERED**, that pursuant to E.D.N.Y. LBR 9019-1, all disputes by and between the Mediation Parties are hereby referred to mediation; and it is further

**ORDERED, that each Defendant(s) on the annexed Exhibit "A" shall appear for mediation (the "Mediation") at a time, date and location to be set by the Mediator following consultation with each of the Mediation Parties and his/her counsel, if applicable**; and it is further

**ORDERED, that if any Defendant on the annexed Exhibit "A" shall fail to appear at the Mediation, the Court may, without further notice or hearing, strike the Answer of any Defendant that fails to appear at the Mediation and enter a default judgment against him/her/it;** and it is further

**ORDERED**, that any partnership, corporation or other legal entity which is a Mediation Party must designate for attendance a representative who has complete authority to resolve the dispute(s); and it is further

**ORDERED**, that the Trustee and/or a representative who has authority to resolve the dispute(s) on behalf of the Trustee, subject only to such approval of the Bankruptcy Court as may

be necessary or appropriate, must attend each Mediation session; and it is further

**ORDERED**, no later than **August 11, 2014**, the Plaintiff and each Defendant shall be notified which Mediator has been assigned to their respective adversary proceedings; and it is further

**ORDERED,** that no later than **August 21, 2014**, the parties shall each separately submit to the mediator assigned to their case, copies of pleadings and other documents, limited to those that are relevant to proper mediation of the matter, as well as a separate confidential Mediation Statement that outlines the position of the parties, including facts, theories, opinions, strengths and weaknesses of the party's position, the goals the party wishes to accomplish in the mediation and, if so inclined, potential settlement proposals; **these statements shall NOT be filed with the Court and shall NOT be served on the opposing party;** and it is further

**ORDERED, that Andrew Thaler, Esq. and Harold Jones, Esq. are hereby each designated as mediators (each a "Mediator" and collectively, the "Mediators"); and it is further**

**ORDERED**, that the Mediator shall each be compensated at an hourly rate not to exceed $500.00 per hour; and it is further

**ORDERED**, that the Mediator shall maintain contemporaneous time records for each mediation; and it is further

**ORDERED**, that as provided for herein, the Mediator shall initially be compensated 100% of their allowed mediation fees using funds from the Agape World bankruptcy estate; and it is further

**ORDERED**, that for each adversary proceeding which settles at or following mediation, the settling parties must allocate the mediation costs as a term of their settlement; and it is further

**ORDERED**, that for any adversary proceeding which does not result in a settlement at or following mediation, 100% of the costs of mediation shall ultimately be taxed against the non-

non-prevailing party at trial; thus, any Defendant that is the non-prevailing party at trial shall have to reimburse the estate for the full cost of the Mediation as a taxable cost; if Plaintiff is the non-prevailing party at trial, the estate shall be taxed the full cost of the Mediation; and it is further

**ORDERED**, that subject to a $2,500.00 cap per mediation (the "Fee Cap"), all fees due each Mediator from the estate as set forth herein shall be paid by the Plaintiff upon the submission of an invoice to the Trustee, the Defendant, and the United States Trustee.  If within three business days of the presentation of an invoice no objection to an invoice is raised, the Trustee is hereby authorized to pay such invoice without further order of the Court.  If objection to an invoice is raised, the Mediator shall schedule a hearing on the objection; and it is further

**ORDERED**, that in the event a mediation exceeds the Fee Cap, all fees due each Mediator for such mediation shall be paid upon motion by notice of presentment filed in such adversary pursuant to E.D.N.Y. LBR 2002-1 and served upon the Trustee, the Defendant, all parties who have requested notice of pleadings filed in the main bankruptcy case of Agape World, Inc., *et al.*, and the United States Trustee, and approval thereof by the United States Bankruptcy Court; and it is further

**ORDERED**, that each Mediator shall submit a status report following the conclusion of each mediation session; and it is further

**ORDERED**, that to the extent the procedures for mediation are not set forth herein, the mediation shall be governed by E.D.N.Y. LBR 9019-1; and it is further

**ORDERED,** that each Mediator and his/her agents shall have the same immunity as judges and court employees have under Federal law and the common law from liability for any act or omission in connection with the Mediation, and from compulsory process to testify or produce documents in connection with the Mediation; and it is further

**ORDERED,** that the Mediation shall be considered a settlement negotiation for the

purpose of all federal and state rules protecting disclosures made during such conferences from later discovery or use in evidence; the entire procedure shall be confidential, and no stenographic or other record shall be made except to memorialize a settlement record.; all communications and conduct, oral or written, during the Mediation by any party or a party's agent, employee, or attorney are confidential and, where appropriate, are to be considered work product and privileged; such conduct, statements, promises, offers, views and opinions shall not be subject to discovery or admissible for any purpose, including impeachment, in any litigation or other proceeding involving the parties; provided, however, that evidence otherwise subject to discovery or admissible is not excluded from discovery or admission in evidence simply as a result of it having been used in connection with this Mediation process; and it is further

      **ORDERED**, that on or before **August 4, 2014**, the Trustee shall serve a copy of this Order on the Mediators, each Defendant on the annexed Exhibit "A", and counsel, if any, for each Defendant on the annexed Exhibit "A".



**Dated: July 31, 2014**  
      **Central Islip, New York**

_____  
**Alan S. Trust**  
**United States Bankruptcy Judge**

# Exhibit "A"

## ADVERSARY PROCEEDINGS ASSIGNED TO MEDIATION:

10-08776-ast   Silverman v. Beggi
12-08358-ast   Silverman v. Frontier Investments, LLC
14-08113-ast   Silverman v. Sprague